# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7947 | **DATE** | 10/9/2012 |
| **CASE TITLE** | Woods vs. Galan et al. | | |

**DOCKET ENTRY TEXT**

Before the Court is Defendants' motion for summary judgment. For the reasons below, the motion is granted in part and denied in part. Summary judgment is granted to all Defendants excepting Galan, Villeda, Thielen and O'Mary. Ruling date stricken. Status hearing set for 11/7/2012 at 9:00 a .m.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

### I. BACKGROUND

Plaintiff Mike Woods ("Woods") was incarcerated in Cook County Jail on September 3, 2010 when a "shakedown" of cells was ordered. Woods and other prisoners left their cells while officers searched. When Woods was allowed to return, he found many non-contraband items, such as papers and magazines, missing. In anger, he stopped up his toilet and flooded water into his cell and the hallway outside the cell. Guards arrived to stop the behavior and a physical altercation ensued in the cell and immediately outside it. Woods later pleaded guilty to five counts of aggravated battery in regards to the altercation, admitting he had hit Correctional Officers William O'Mary ("O'Mary"), Kevin Villeda ("Villeda") and Eliot Rivera ("Rivera"), along with Sgt. Adam Thielen ("Thielen") and Lt. Carlos Galan ("Galan") during the altercation.

That plea came on January 9, 2012, after Woods had already filed this §1983 lawsuit against these five defendants and other correctional officers. Woods' testimony in this suit denies hitting anyone during the cell altercation. It further alleges continued beating after the cell altercation was over and he was handcuffed. He alleges he was taken to an elevator where he was again beaten and then taken to the "bullpen" area where prisoners are initially admitted into the jail. There, he alleges, another beating was administered. Finally, he alleges he was put into a "strip" cell for four days where he was denied blankets, food and water. Defendants filed for summary judgment.

### II. LEGAL STANDARD

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Windle v. City of Marion*, 321 F.3d 658, 660-661 (7th Cir. 2003).

### III. ANALYSIS
**A. Summary Judgment as to Certain Plaintiffs and Events**

**STATEMENT**

As a preliminary matter, the Court must grant summary judgment for certain defendants who are never even mentioned in Plaintiff's 56.1 statements of fact: Chief Thomas, Correctional Officer Haskell, Correctional Officer MeGee, Correctional Officer Montgemory, and Sgt. Haze. *See Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) ("An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.") There is no evidence that these Defendants were even present, let alone caused or participated in a constitutional deprivation.

The Court also grants summary judgment for Sergeant Manos, as the only mention of him in the statements of fact comes in reference to the complaint, (Pl.'s Statements of Additional Facts ("SOAF") ¶¶ 2, 3, ECF No. 73, PageID 276.) which is not evidence and cannot support a plaintiff's burden to produce evidence at the summary judgment stage. Local Rule 56.1(b)(3)(C).

The Court also grants summary judgment for Chief Howell. The only reference in the Rule 56.1 statements to Chief Howell comes in relation to the allegations of excessive force and failure to protect stemming from the bullpen incident. Plaintiff does not allege in his complaint that Howell participated in the beating in the bullpen, but rather that Howell witnessed the beating and did nothing to stop it. *See Skrtich v. Thornton*, 280 F.3d 1295, 1302 (11th Cir. 2002) ("It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983. Rather, an officer who is present at the scene and fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.") However, Plaintiff offers no proof of Howell's alleged nonfeasance. In fact, he admits that he was blinded by pepper spray while in the bullpen, and the only way he knows Howell was present was upon hearing Howell order other officers to stop hitting Plaintiff. Woods offers no evidence that Howell arrived or witnessed events before ordering a halt to the beating.

The Court must also grant summary judgment in regards to the allegations regarding Plaintiff's placement in a "strip cell" without food, water, bedding or medicine. The Rule 56.1 statements offer no evidence as to who was responsible for Woods' placement there or who ignored his requests for bedding, medicine, food and water.

That leaves five defendants: Galan, Villeda, Rivera, Thielen and O'Mary. Various combinations of these defendants are accused of exercising excessive force or failing to protect him from excessive force during alleged beatings (1) in and immediately outside his cell, (2) in the elevator and (3) in the bullpen.

**B. *Heck v. Humphry* as Applied to the Altercation in and Near Plaintiff's Cell**

Defendants argue summary judgment is mandated by *Heck v. Humphry*. 512 U.S. 477, 486-487 (1994) "The Supreme Court held in *Heck v. Humphrey* that a convicted criminal may not bring a civil suit questioning the validity of his conviction until he has gotten the conviction set aside." *Okoro v. Callaghan*, 324 F.3d 488, 489 (internal citations omitted). In *Okoro*, the Seventh Circuit affirmed judgment for Defendants on the grounds that a trial never should have occurred. Okoro sued federal and state officers for the return of cash and gems he alleged they stole during a search of his home. Okoro had been convicted of trying to sell those officers heroin. Okoro maintained in his civil suit that he had not tried to sell officers heroin and gems, but merely gems, which they then stole. "If this is true, then almost certainly he was convicted in error, for that testimony [about selling heroin] was an essential part of the evidence against him in the criminal case," wrote Judge Richard Posner in affirming the judgment. *Id*. "If he cannot prevail in his claim for the return of the gems without undermining the criminal case against him, then he is barred by *Heck*." *Id.* Judge Posner explained that if Okoro had merely omitted the denial of selling heroin while still asserting officers stole the gems, his suit could have proceeded. But since "Okoro adhered steadfastly to his position that there were not drugs … he was making a collateral attack on his conviction, and *Heck* holds that he may not do that in a civil suit" other than under the habeas corpus or 28 U.S.C. § 2255 statutes. *Id*. at 490.

It is clear that Woods' criminal guilty plea cannot be resolved with his testimony in this civil suit about the events in and immediately outside his cell. Woods' 56.1 statement admits that he pleaded guilty to aggravated battery of O'Mary, Rivera, Thielen, Galan and Villeda. During Woods' plea, the parties stipulated

**STATEMENT**

that he had hit all five defendants – some inside the cell, some outside the cell. The Court notes that, the way the 56.1 statements are worded, although Woods may have intended to admit that he stipulated to those facts at the criminal pleading, he has actually admitted again here in this civil suit to committing those acts. *See* Pl.'s Response to SOF, ¶¶ 23-27. Both the plea and these new admissions are in direct contradiction of his deposition testimony, where Woods maintained he never struck anyone and was beaten without any physical provocation. If true, this would undermine his conviction and *Heck* forbids such a civil suit. Woods gamely suggests the two are not contradictory, but this argument is too implausible to examine at any length. Summary judgment is granted as to the events that took place in Woods' cell and immediately outside it. The Court notes that the only evidence in the record regarding Rivera concerns the cell altercation, so summary judgment is granted for him as well.

### C. *Heck v. Humphry* as Applied to Subsequent Events

The thornier issue is whether summary judgment must be granted under *Heck* in regards to the events Plaintiff contends occurred shortly after the cell altercation. The criminal conviction and stipulations never touched on any events occurring after the cell altercation. In this case, Woods testified he was knocked unconscious outside his cell and when he awoke, he was handcuffed and shackled in an elevator where he was again beaten by Sergeant Thielen and Officer Villeda, who took him to the bullpen area. Once in the bullpen area, the beating continued, with Lt. Galan and Officer O'Mary joining in, Woods testified (he said he recognized their voices). Woods was subsequently taken to Stroger Hospital for treatment of injuries.

Plaintiff cites to *Gilbert v. Cook* for the proposition that *Heck* does not bar suit on these events. 512 F.3d 899 (7th Cir. 2008). Woods argues that because the conviction did not deal with the elevator and bullpen events, Plaintiff's "claim does not 'necessarily' imply the invalidity of his [aggravated battery] conviction, … Defendants' *Heck* challenge cannot stand." Pl.'s Br. 3.

Defendants contend that the cell incident is irrevocably connected to the elevator and bullpen incidents. The injuries will have to be discussed, they note, and Defendants are entitled to argue that the injuries at issue resulted from the cell altercation. This will necessarily result in a relitigation of the criminal conviction, they argue.

This is a meritorious argument. However, *Gilbert* provides a roadmap for how *Heck* is to be applied in this instance. "*Heck* …do[es] not affect litigation about what happens after the crime is completed." *Gilbert*, 512 F.3d at 901. *Gilbert* ruled that dismissal is not the only way to implement *Heck*; it may also be accomplished through instructions to the jury. In *Gilbert*, a prisoner alleged excessive force against a guard. A disciplinary proceeding found Gilbert guilty of punching the guard. In the civil suit, not only did Gilbert not admit to the punch, but at trial he tried to introduce evidence that he had not. The judge responded by barring all testimony regarding the punch and the alleged retaliation. The Seventh Circuit reversed, with Judge Frank Easterbrook writing "[T]he judge should have implemented *Heck* … through instructions to the jury at the start of trial, as necessary during the evidence, and at the close of the evidence." *Id.*

To do otherwise, Easterbrook wrote, would mean that "guards (and for that matter any public employee) could maul anyone who strikes them, without risk of civil liability as long as the private party is punished by criminal prosecution or prison discipline for the initial wrong." *Id.*

The Court finds this situation analogous to *Gilbert*. At trial, if discussion of the cell altercation is necessary, it may be dealt with in a similar fashion. But the elevator and bullpen incidents came after the crime was complete; thus, *Gilbert* says a *Heck* bar does not apply. Additionally, there remains a dispute over the material facts of whether Woods was beaten in the elevator and bullpen and, if so, by whom.

### IV. CONCLUSION

Summary judgment is granted as to all Defendants except Galan, Villeda, Thielen and O'Mary. The Plaintiff may proceed to trial on the excessive force charges against those four Defendants in regards to the elevator and bullpen incidents.